UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHANGXING YU | CIVIL ACTION |
| VERSUS | NO. 12-0701 |
| DALIAN INTERNATIONAL MARITIME SERVICES CO., LTD., FUJIAN GUANHAI SHIPPING CO. LTD, TIANJIN COSBULK SHIP MANAGEMENT CO. LTD., SHOUSHAN SHIPPING LTD. | SECTION "C" (1) |

### ORDER AND REASONS[1]

HELEN G. BERRIGAN, District Judge

Before the Court is a Motion to Remand filed by Plaintiff, Changxing Yu. (Rec.Doc.8). Defendants oppose the motion (Rec.Doc.13). Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is DENIED for the following reasons.

### I BACKGROUND

Plaintiff, a citizen of the People's Republic of China, filed suit on November 15, 2011, in Louisiana state court seeking damages under the Jones Act, and, in the alternative, under Chinese law for injuries allegedly sustained on or about April 1, 2011 aboard Defendants' vessel. (Rec.Doc.1-2). On March 14, 2012, Defendants removed the suit to this Court based upon 28

---

[1] Jason A. Danowsky, a first year student at the University of Texas School of law, assisted in the preparation of this Order & Reasons.

1

U.S.C. §1441(d), asserting a right to removal as an agency or instrumentality of a foreign state, the People's Republic of China, and, alternatively, based upon 9 U.S.C. §205, asserting a right to removal based upon the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (Rec.Doc.1). On April 12, 2012, Plaintiff filed a motion for remand on the basis that Jones Acts suits are non-removable. (Rec.Doc.8).

## II JONES ACT

### A. LAW

Jones Act suits are generally non-removable. *Hufnagel v. Omega Servs. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999). The determination of whether a Jones Act claim has been alleged is generally limited to a review of the plaintiff's pleadings. *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). However, "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995) (internal quotations omitted).

Jones Act defendants can defeat remand by showing that claims against defendants are "baseless in law" and "serve[ ] only to frustrate federal jurisdiction." *Lackey*, 990 F.2d 202, 207 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 239 F.2d 82, 85 (10th Cir. 1964)) (internal quotations omitted). To defeat remand, defendants must meet the heavy burden of showing that there is no possibility that the plaintiff would be able to establish a cause of action under the Jones Act. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 434, 455 (2001). Summary proceedings may be used to determine whether the claims are fraudulently made. *See Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999). Remand is appropriate unless, after resolving all disputed

questions of fact in the plaintiffs favor, there is no reasonable basis for predicting that the plaintiff might establish Jones Act liability. *See Id.*

Defendants argue that Plaintiff cannot establish Jones Act liability because United States law does not apply to the controversy. (Rec.Doc.13, 2). Determining whether federal maritime law or foreign law should govern a maritime claim depends upon an assessment of eight factors, referred to as the *Lauritzen-Rhoditis* factors. *Fogleman v. ARAMCO*, 920 F.2d 278, 282 (5th Cir. 1991). The *Lauritzen-Rhoditis* factors are (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) allegiance of the defendant shipowner; (5) the place where the contract of employment was made; (6) the inaccessibility of a foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations. *Lauritzen v. Larsen*, 345 U.S. 571, 583-92 (1953); *Hellenic Lines Limited v. Rhoditis*, 398 U.S. 306, 309 (1970).

## B. ANALYSIS

"The test is not a mechanical one in which the court simply counts the relevant contacts; instead, the significance of each factor must be considered within the particular context of the claim and the national interest that might be served by the application of United States law, particularly the Jones Act." *ARAMCO*, 920 F.2d 278, 282 (citing *Rhoditis*, 398 U.S. 306, 308-309). Of the eight factors, the fifth and sixth factors are of no relevance to maritime tort choice of law controversies. The fifth factor, the place where the contract of employment was made, "has significance in choice of law in a contract action," but is not "a substantial influence in the choice between competing laws to govern a maritime tort." *Lauritzen*, 345 U.S. 571, 588-589.

The sixth factor, the inaccessibility of a foreign forum, while relevant to *forum non conveniens*, "is not persuasive" as to choice of law controversies. *Id*. at 589-90.

Of the remaining factors, the first and seventh factors are of limited influence. The first factor, the place of the wrongful act, "is of limited application to shipboard torts, because of the varieties of legal authority over waters she may navigate" *Lauritzen*, 345 U.S. 571, 583. The seventh factor, the law of the forum, is likewise "fortuitous," as "[j]urisdiction of maritime cases in all countries is so wide and the nature of its subject matter so far-flung that there would be no justification for altering the law of a controversy just because local jurisdiction of the parties is obtainable." *Id*, at 591.

Of the remaining factors, three clearly favor application of Chinese law: the flag of the vessel is under the People's Republic of China, and the allegiance of the seaman and the defendant shipowner are likewise to the People's Republic of China (Rec.Doc.19-2, 1). The first, the flag of the vessel, is of "cardinal importance." *Lauritzen*, 345 U.S. 571, 584. "[I]t must prevail unless some heavy counterweight appears." *Id*. at 586. The second and third factors, the citizenship of the seaman and the defendant shipowner, do not provide such a counterweight, as they also favor application of Chinese law.

The final factor, the shipowner's base of operations, is disputed. A vessel's base of operations is the location from which its day-to-day operations are controlled. *Fogleman*, 920 F.2d 278, 284 (5th Cir. 1991). Defendants have supplied evidence that the shipowner's base of operations is in China: the seaman's contract, written entirely in Chinese (Rec.Doc.13-1), a register of ships offering Chinese addresses for Defendant corporations (Rec.Doc.13-2), a web

document indicating that the shipmanager, operator, DOC company, registered owner, and technical manager are based in China (Rec.Doc.13-3), and the website of Defendant Dalian International Maritime Services Co. (DIMSCO) indicating that it is based in China. Plaintiff's pleadings likewise assert that Defendants are foreign corporations not licensed to, but doing business in Louisiana. (Rec.Doc.1-2, 3).

On the other hand, Plaintiff asserts that Plaintiff and this Court have "absolutely no idea" as to Defendants' base of operations, where Defendants regularly conduct business, what companies and governments make up Defendants' ownership and management, and how often Defendants conduct business through those companies. (Rec.Doc.19-2, 3-4). Plaintiff makes this assertion despite the evidence offered by Defendant and despite the fact that the flag of the vessel is under the People's Republic of China, and the allegiance of the seaman and the defendant shipowner are likewise to the People's Republic of China. The evidence overwhelmingly suggests a Chinese base of operations, and Plaintiff offers no contrary evidence to dispute it.

Furthermore, Plaintiff's belief that Defendants "collectively own, operate, and manage many vessels that regularly conduct business in the U.S." (Rec.Doc.19-2, 4-5), even if it were supported by evidence, would not establish a base of operations under *Fogleman*. "The mere fact that a vessel periodically visits this country is not enough to merit application of the Jones Act." *Volyrakis v. Isabelle*, 668 F.2d 863, 868 (5th Cir. 1991) (overruled on other grounds).

Plaintiff cites *Rhoditis*, noting that the defendant's office in that case was found in the U.S., establishing an American base of operations. (Rec.Doc.19-2, 4). In *Rhoditis*, the defendant

5

foreign corporation had two offices in the United States. *Rhoditis*, 398 U.S. 306, 307. More than 95% of the stock of the corporation was held by a Greek citizen who was a lawful permanent resident of the United States who managed the corporation out of New York. *Id*. Plaintiff has offered no evidence supporting any such base of operations, nor has Plaintiff even alleged an American base of operations.

Plaintiff has neither offered evidence to dispute Defendants' evidence nor pled contrary allegations; Plaintiff has merely asserted that this Court lacks the evidence to determine that the Jones Act does not apply. Given that three relevant factors, including one of "cardinal importance," favor the application of Chinese law, and that all presented evidence regarding the final relevant factor supports the application of Chinese law, there is no reasonable basis for the application of United States law, including the Jones Act.

## III FEDERAL SOVEREIGN IMMUNITIES ACT (FSIA)

### A. LAW

Nonetheless, remand will be appropriate unless Defendants have some ground upon which they can remove. Defendants asserts that they can remove under 28 U.S.C. §1441(d), which allows removal by any foreign state as defined by 28 U.S.C. §1603. A "foreign state" includes "an agency or instrumentality of a foreign state," meaning any entity

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

>   (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. §1603. "Although a party claiming FSIA immunity retains the ultimate burden of persuasion on immunity, it need only present a prima facie case that it is a foreign state; and, if it does, the burden shifts to the party opposing immunity to present evidence that one of the exceptions to immunity applies." *Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 847(5th Cir. 2000). Defendants concede that the commercial exception to immunity applies, and thus only seek to establish agency or instrumentality to allow removal. (Rec.Doc.13, 6).

## B. ANALYSIS

The first and third of §1603's requirements are not contested, as Plaintiff's pleadings acknowledge Tianjin COSBULK (COSBULK) is a foreign corporation. (Rec.Doc. 1-2, 13). As to the second, Defendant has offered a declaration by COSBULK's DPA asserting that "[a]ll the shares of stock of Tianjin COSBULK both in April, 2011 and at present time were owned by The People's Republic of China." (14-2, 1). In *Kelly*, defendant corporation established its prima facie case via declarations by its operations manager and chief executive officer as to the corporation's formation, principal place of business, and, pertinently, percentage of government ownership. *Kelly*, 213 F.3d 841, 847.

Plaintiff's reply asserts that Defendants failed to offer admissible evidence of agency or instrumentality; however, the evidence to which Plaintiff refers are the "[d]ocuments from an internet source." (19-2, 9). Those documents were used to establish a base of operations under *Lauritzen-Rhoditis*, not agency or instrumentality under FSIA. Plaintiff also asserts that "[a]ll

Chinese companies are in some way owned or managed by the Chinese government," *Id*, a statement that does not contradict Defendant's declaration or undermine the significance of Defendant COSBULK's *entire* stock being owned by The People's Republic of China. Furthermore, the remainder of Plaintiff's reply on the subject of FSIA concerns immunity and commercial activity, (Rec.Doc.19-2, 9-10), which Defendant had already conceded. (Rec.Doc.13, 6). Despite replying six days after Defendants' declaration, Plaintiff does not directly attempt to refute the declaration. Defendants have presented a prima facie case COSBULK is an instrumentality of a foreign state, supported by the information in the record and not refuted by the evidence or allegations of Plaintiff, thus, removal is appropriate under 28 U.S.C. §1441(d).

## IV CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS.

### A. LAW

"[A]bsent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim," so long as the arbitration clause "could conceivably have an effect on the outcome of the case." *Beiser v. Weyler*, 284 F.3d 665, 671-72 (5th Cir. 2002).

### B. ANALYSIS

In support of their assertion of a right to removal based upon an arbitration clause in the contract, Defendants submitted the contract, untranslated from Chinese. (Rec.Doc.13, 1-2); (Rec.Doc.13-1). Defendants assert that the contract contains an arbitration agreement.

(Rec.Doc.13, 2). Plaintiff asserts the contrary in his reply, (Rec.Doc.19-2, 5-6), and plaintiff provides a translation of a portion of the contract supported by a sworn statement. (Rec.Doc.19-2, 5-6); (Rec.Doc.19-3). Defendants provide no such evidence, even in their memorandum following plaintiff's reply. Defendants have not provided any arbitration clauses or asserted their relation to the case; they merely asserted that "there are complicated issues regarding the arbitration clauses." (Rec.Doc.13, 2). Thus, Defendant has not established that an arbitration clause could affect the outcome of the case.

## V CONCLUSION

The *Lauritzen-Rhoditis* factors establish that United States law does not apply in the instant controversy, meaning the Jones Act will not apply and will not prevent removal. Although Defendants did not establish the existence of an arbitration clause as a basis for removal, Defendants did establish a prima facie case that Defendant COSBULK is an agency or instrumentality of the People's Republic of China, and thus 28 U.S.C. §1441(d) is a basis for removal.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand is DENIED. (Rec.Doc.8).

New Orleans, Louisiana, this 29th day of May, 2012.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**